From this record, it appears that Mrs. Thomas H. Cotton and Sam B. Haynes were commercial partners operating a grocery, cafe, and filling station, near the town of Jackson, in the Parish of East Feliciana. The land upon which this commercial business was being operated had been leased from a Mrs. Ophilia L. Mattingly of East Baton Rouge Parish in the name of Mrs. Cotton alone. On this property defendant Haynes conducted a saloon or bar room as an independent business of his own. A disagreement between the parties arose and a legal dissolution of the partnership was sought by Mrs. Cotton. Apparently when this dissolution and liquidation suit was on trial, on June 27, 1941, the parties at interest entered into an agreement to appoint arbitrators and amicable compounders to settle their dispute. In this agreement, both parties left all matters pertaining to their partnership to the two arbitrators appointed by them, with the proviso that in the event of disagreement between the two arbitrators, then they to appoint a third who would act as umpire, and with the further proviso that the arbitrators were not to consider the bar room conducted by Haynes on the premises and the lease of the property upon which the business was being conducted. The arbitrators so appointed were A.D. Smith on behalf of Mrs. Cotton and Amedee S. Leonard on behalf of Haynes.
It further appears that while the arbitrators were in session to determine and come to some agreement relative to the liquidation of the partnership in accordance with this agreement and appointment, Mr. Haynes filed a suit on July 16, 1941, against Mrs. Cotton to have it decreed that the lease of the property upon which this partnership business, together with the barroom, was being conducted was an asset of the partnership and belonged to it.
Thereafter, on August 8, 1941, the two arbitrators appointed by the parties met and attempted to draw up, in duplicates, what they thought to be a settlement of the partnership affairs. In this agreement Haynes was to pay Mrs. Cotton the sum of $150, and Mrs. Cotton was to receive *Page 688 
from the partnership assets certain kitchen equipment, and Haynes was to assume certain liabilities and to collect all accounts receivable, except an account of Carpenter White.
It appears that Mrs. Cotton was represented by her brother, Mr. J.E. White, and that he and Haynes were present at the drawing of this settlement agreement. Thereafter, it further appears that Mr. Leonard wrote an addenda to the effect that the lease on which the partnership business and the barroom were located was to be assigned to Haynes prior to the payment of $150 by Haynes to Mrs. Cotton. Mr. White and Smith refused to consider this addenda as part of the agreement, and Leonard and Haynes refused to sign any agreement without it.
Thereafter, a proces verbal was drawn for the signature of the two arbitrators to be submitted to the Court upon which a judgment would be rendered. However, in this proces verbal, the matter of the lease was omitted and Mr. Leonard refused to sign the same. Thereupon, Mrs. Cotton had a rule to issue upon Mr. Leonard to show cause why he would not sign the said proces verbal as one of the arbitrators; this rule was tried and the trial judge made it absolute and ordered Leonard to sign the said proces verbal. From this judgment Mr. Leonard has appealed.
The question presented to us is whether or not an arbitrator can be forced to sign a proces verbal which does not contain all the terms and conditions to which he has agreed.
The testimony of Mr. Leonard clearly shows that he was unwilling to sign the proces verbal as written, and unless a clause be inserted therein granting the lease to Haynes as part of the partnership asset.
While it is true the submission agreement contains a clause excluding the consideration of the lease by the arbitrators, it is evident that Leonard, for some reason, was taking this lease into consideration when he signed a report providing that Haynes was to pay Mrs. Cotton $150 as her share of the partnership assets, and Haynes' assumption of certain debts of the partnership. The submission agreement contains a proviso that in the event the two arbitrators could not agree, then they were to appoint an umpire; such is the procedure outlined by Civil Code, art. 3116. Since Smith and Leonard never came to any definite agreement as to the settlement of the partnership, it follows that an umpire should have been called in. After a careful investigation of the law relative to arbitrators and amicable compounders, we have been unable to find any law, and the plaintiff in rule does not refer us to any, which would justify the rule and judgment ordering an arbitrator or amicable compounder to sign a proces verbal of settlement to which he did not fully agree.
For these reasons, the judgment appealed from is annulled, reversed and set aside, and the rule taken by Mrs. Cotton against Amedee S. Leonard is hereby recalled, set aside and dismissed, at her costs in both courts.